UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

IBRAHIM TURAY,
        *Defendant-Appellant.*

No. 02-4092

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CR-01-319)

Submitted: July 30, 2002

Decided: September 19, 2002

Before NIEMEYER, WILLIAMS, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Edward Blair Brown, Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Kimberly Riley Pedersen, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Ibrahim Turay was convicted by a jury of one count of conspiracy to distribute 500 grams or more of cocaine, pursuant to 21 U.S.C. § 846 (2000). He was sentenced to a seventy-eight month term of imprisonment. Turay contends on appeal that insufficient evidence was presented by the Government to convict him of the charged offense, and the district court erred in admitting the testimony of two witnesses. We affirm Turay's conviction.

Turay avers that his testimony denying his participation in a conspiracy to distribute cocaine was more believable than the testimony offered by the Government's witnesses, and the evidence was therefore insufficient. The fact finder, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented; if the evidence supports different reasonable interpretations, the jury decides which to believe. *United States v. Murphy*, 35 F.3d 143, 148 (4th Cir. 1994); *see United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998). Therefore, we will not review this claim.

Turay next asserts that the district court admitted, in violation of Fed. R. Evid. 404(b), evidence of his drug dealings prior to the date of the indicted conspiracy and evidence of drug transactions involving substances other than cocaine. The district court's decision to admit evidence of bad acts under Rule 404(b) is reviewed for abuse of discretion. *See Cook v. American S.S. Co.*, 53 F.3d 733, 742 (6th Cir. 1995); *United States v. Mark*, 943 F.2d 444, 447 (4th Cir. 1991). "[E]vidence of uncharged conduct is not considered other crimes evidence if it arose out of the same . . . series of transactions as the charged offense, . . . or if it is necessary to complete the story of the crime (on) trial." *United States v. Kennedy*, 32 F.3d 876, 885 (4th Cir. 1994) (internal quotation marks omitted). Further, "the mere fact that the evidence involved activities occurring before the charged time frame of the conspiracy does not automatically transform that evidence into 'other crimes' evidence." *Id.* Turay's drug dealings prior to the date of the indicted conspiracy were not evidence of other crimes but part of the same criminal behavior. Evidence of Turay's prior drug transactions was also admissible to rebut the testimony

presented by Turay that he was not involved in drug dealings with his co-conspirators. We find that the district court did not abuse its discretion.

Accordingly, we affirm Turay's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*